UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 97-4668

GUY CARMICHAEL CRENSHAW,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-96-47-C)

Submitted: March 10, 1998

Decided: April 29, 1998

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Sa'ad El-Amin, Beverly D. Crawford, EL-AMIN & CRAWFORD,
Richmond, Virginia, for Appellant. Robert P. Crouch, United States
Attorney, Anthony P. Giorno, Assistant United States Attorney, Roa-
noke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Following a jury trial, Guy Carmichael Crenshaw was convicted on one count of conspiracy to distribute cocaine base, 21 U.S.C. § 846 (1994), and three counts of distribution of cocaine base, 21 U.S.C. § 841(a)(1) (1994). The court sentenced him to 300-month prison terms on the conspiracy count and one of the distribution counts, and sixty months in prison on each of the remaining distribution counts, each term to be served consecutively. Crenshaw appeals, claiming that the district court abused its discretion in two evidentiary rulings made concerning witness Nathan Tutwyler. Finding no abuse of discretion, we affirm Crenshaw's convictions.

A grand jury charged Crenshaw and several others in a multi-count indictment concerning a cocaine base conspiracy. Several witnesses testified against Crenshaw, including Nathan Tutwyler, a named coconspirator in the indictment. Crenshaw does not challenge the sufficiency of the evidence to support his conviction. Instead, he contends that the district court abused its discretion by disallowing certain testimony to impeach the credibility of Nathan Tutwyler. This court reviews a district court's decision to limit cross-examination and exclude evidence for abuse of discretion. See United States v. Bostian, 59 F.3d 474, 480 (4th Cir. 1995).

Tutwyler testified during direct examination by the government that he pled guilty to the conspiracy charge in the indictment involving Crenshaw, that he had a plea agreement with the government, and that he received no promises in exchange for his testimony against Crenshaw. When the prosecutor asked him whether he had "any kind of criminal record at all" prior to his conspiracy conviction, Tutwyler answered that he had a prior petty larceny conviction. During cross-examination, Tutwyler admitted that his plea agreement provided that he had an opportunity for a reduced sentence for substantial assistance, but that he had received no promises and that he was testifying against Crenshaw in an effort to earn substantial assistance credit. However, the district court would not allow defense counsel to question Tutwyler about pending state charges against him. Crenshaw contends that the court's refusal to allow this testimony violated his

2

Sixth Amendment right to confront witnesses and amounted to abuse of discretion.

Crenshaw concedes that if his only reason for asking about the pending state charges was to challenge Tutwyler's veracity, then the testimony was inadmissible. However, he asserts two reasons why the district court abused its discretion by disallowing that line of questioning. First, Crenshaw attempts to argue that he was entitled to cross-examine Tutwyler about the pending charges because the government "opened the door" by asking Tutwyler if he had "any criminal record at all." We find this claim meritless; the term "criminal record" generally refers to records of conviction and does not include pending charges.

Next, Crenshaw claims that he was entitled to bring out Tutwyler's pending state charges to show that he had motive to falsely testify against Crenshaw. However, because Crenshaw failed to show that the federal prosecutor had any control over plea bargaining concerning the pending state charges, those charges were not particularly relevant to show motive to lie in Crenshaw's federal prosecution. Moreover, Tutwyler's motive to testify against Crenshaw was clearly brought out by defense counsel when he questioned Tutwyler about his federal plea agreement.

The Sixth Amendment does not give criminal defendants an unlimited right to cross-examine witnesses. For example, judges may limit cross examination where the testimony elicited would be repetitive or only marginally relevant. See Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986). The only limit the district court placed on Crenshaw's cross-examination of Tutwyler concerned the pending state charges. Crenshaw was free to, and in fact did, question Tutwyler about his federal plea agreement. See United States v. Ambers, 85 F.3d 173, 177 (4th Cir. 1996) (allowing limits on cross-examination of government witness where defense received ample opportunity to question witness' motive for testifying). The government and the defense already presented evidence concerning Tutwyler's hopes for a reduced sentence in exchange for testifying against Crenshaw. The introduction of testimony concerning pending state charges over which the federal prosecutor had no control would, at best, be only marginally relevant to Tutwyler's motive to testify in Crenshaw's federal case. We find

3

no abuse of discretion in disallowing testimony on Tutwyler's pending state charges.

Crenshaw also alleges that the district court abused its discretion by refusing to allow him to call a witness to testify that Tutwyler offered him money to testify against Crenshaw. We find no merit to Crenshaw's claim. First, the record is devoid of anything identifying this witness. Cf. Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (holding that habeas corpus petitioner could not establish ineffective assistance of counsel for failure to call witness where petitioner failed to identify the content of witness' testimony). More importantly, except for evidence of a criminal conviction, a witness' credibility may not be impeached by specific instances of conduct. See Fed. R. Evid. 608(b), 609; United States v. Bynum, 3 F.3d 769, 772 (4th Cir. 1993).

For these reasons, we affirm Crenshaw's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4